Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

2018 AUG 17 P 1:30

U.S. DISTRICT COURT
N.D. OF ALABAMA

_Mitchell R. Marbury-Bey_
_____Plaintiff_____
(Write your full name. No more than one plaintiff may be named in a complaint.)

"Amended Complaint"

-v-

Case No. _4:18-cv-00925-CLS-JHE_
(to be filled in by the Clerk's Office)

_DEWAYNE Estes, Warden III et al.,_
_____Defendant(s)_____
(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

1

## I. The Parties to this Complaint

### A. The Plaintiff

Provide the information below for the plaintiff named in the complaint.

Name: *Mitchell R. Marbury-Bey*
All other names by which you have been known:
ID Number: *AIS #138014-A-108*
Current Institution: *3700 Holman Unit*
Address:
*Atmore*  *Ala*  *36503*
City   State   Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: *DeWayne Estes, Warden III*
Job or Title *(if known)*:
Shield Number:
Employer:
Address: *1000 St. Clair Road*
*Springville*  *Ala*  *35146*
City   State   Zip Code
☒ Individual Capacity   ☐ Official Capacity

Defendant No. 2
Name: *Cedric Specks*
Job or Title *(if known)*: *Warden II*
Shield Number:
Employer:
Address: *1000 St. Clair Road*
*Springville*  *Ala*  *35146*
City   State   Zip Code
☒ Individual Capacity   ☐ Official Capacity

2

Defendant No. 3

    Name: *Carlo Graham*

    Job or Title (if known): *Captain*

    Shield Number:

    Employer:

    Address: *1000 St Clair Road*

    City: *Springville*  State: *Ala*  Zip Code: *35146*

    ☑ Individual Capacity    ☐ Official Capacity

Defendant No. 4

    Name:

    Job or Title (if known):

    Shield Number:

    Employer:

    Address:

    City:  State:  Zip Code:

    ☐ Individual Capacity    ☐ Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federa; law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A. Are you bringing suit against *(check all that apply)*:

        ☑ Federal officials (a *Bivens* claim)

        ☐ State or local officials (a § 1983 claim)

    B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    *(1) This is a civil action brought pursuant to 42 U.S.C. 1983 and the Eighth and Fourteenth Amendment*

3

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant(s) fail to protect plaintiff from assault by other inmates.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Continue on Page -7-

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial Detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other _____
  *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Continue on Page 5-7

C.  What date and approximate time did the events giving rise to your claim(s) occur?

January 9, 2018

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?*

Continue on Additional page -5-

V.  **Injuries**

If you sustained injuries related ot the events alleged above, describe your injuries in detail.

Head Injuries

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The plaintiff seeks declatory and injunctive relief. To compensate him for the harm he has suffered and continues to suffer, plaintiff also seeks compensatory and punitive damages. (2) This court have subject-matter jurisdiction of this case pursuant to 42 U.S.C. 1983. PARTIES
A. Plaintiff
Plaintiff Mitchell Marbury is a citizen of the United States who is confined to the prison population of Holman Corr. Facility. Plaintiff sues for himself as an individual.

5

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1982 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_St. Clair Correctional Facility_

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes
☑ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes
☑ No

☐ Do not know

If yes, which claim(s)?

_____

_____

6

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes
&
☑ No

E. If you did file a grievance:

1. Where did you file the grievance?

   To Warden DeWayne Estes, III, Warden Specks, II, Capt. Graham

2. What did you claim in your grievance?

   My reason for requesting to be transferred or placed in segregation.

3. What was the result, if any?

   No response received

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   There is no longer a formal grievance procedure for inmates to exhaust within the Ala. D.O.C. Plaintiff did speak with Warden Cedric Specks, and submitted a complaint in and Capt Carla Graham, and submitted a complaint in Warden Estes, III Institutional mailbox.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

*There is no longer a formal grievance procedure for prisoners to exhaust within the Ala. D.C.*

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*Continue on Page -5-*

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*N/A*

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes
☑ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

*N/A*

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _Mitchell Marbury_

   Defendant(s) _DeWayne Estes, Warda III; B. Warren, C.O. II_

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _Northern District of Alabama_

3. Docket or index number

   _N/A_

4. Name of Judge assigned to your case

   _John H. England, Abdul K. Kallon_

5. Approximate date of filing lawsuit

   _July 17, 2016_

6. Is the case still pending?

   ☑ Yes

   ☐ No

   If no, give the approximate date of disposition.  _N/A_

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _This case is on appeal_

9

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff: Mitchell Ray Marbury-Bey
Prison Identification #: AIS #183074
Prison Address: 3700 Holman Unit
Atmore, AL 36503
City / State / Zip Code

Date of signing: 8-14-018

Signature of Plaintiff: Mitchell Marbury

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8-14-018
(Date)

Signature of Plaintiff: M. Marbury

10

## STATEMENT OF FACTS

1). Plaintiff upon arrival at St. Clair Correction Facility from Holman Correction Facility on are about August,2017,once informed by Cedric Specks,Warden III,after being housed in L-2-Block-36,that this transferr were temporary and plaintiff and others would be returned back to Holman.

2). Plaintiff requested Warden,Specks,on Oct. 19,2017,could plaintiff be placed in segregation unit,untile transferred,and later requested Capt. Carla Graham could plaintiff be placed in segregation,due to fear of retaliation of being attacked from 2016,stabbing incident,by unknown individuals. Warden,DeWayne Estes,III was made aware Nov. 22,2017,where plaintiff droped a complaint in the warden institutional mail box,requesting to be placed in segregation for fear of retaliation from 2016,stabbing incident,by unkown individuals.

3). Plaintiff confrointed Warden,Speck II,after further vebally complaint to go get a knife or pay the Crips,I.G.Ds,'Blood game for some protection. Capt. Carla Graham informed plaintiff that, from her investigation,the guy who stabbed plaintiff had been transferred. Yet,plaintiff was never placed in segregation.

4). Plaintiff made it known since his return,plaintiff has witness several stabbing incidents,one where a supervisor took a knife only to give it back to the inmate he took it from to go stabbed the inmate he just got into it with. Plaintiff feared for his safety,due to a lack of security,where at times the cubicle in L-2-Block would be unpreoccupied with no officers on post for hours,placing inmates life in danger due to hostile living condition at St. Clair Correction Facility.

5). Plaintiff made it known he felt unsafe due to fear of retaliation and the hostil living condition,of all the rapping,stabbing exortion,and murdering that have occured within the past and present Ten years,but yet was refused to be placed in segregation or transferred back to Holman.

6). Plaintiff made it known that there were inmates living in cells that was not assigned to these cells by the administration at St. Clair. These inmates took the initiation to move without authority authorization being approved by the administration or a lack of security and fear within the C.O.I.'s themselves,this act of disobedience,and control,sent a message to St. Clair administration of who was running thigs.

7). **January 9,2018,approximately in the neighborhood of 7:25 a.m.,plaintiff was in his cell [L-2-Block,36-Cell],looking out the cell window,with the cell door open,when out of nowhere,as plaintiff went to turn to see who was entering his cell,plaintiff was hit in the head with a blunt object,that knocked plaintiff unconscious,untile awaken by an inmate right before security entered and found this inmate in the cell trying to help plaintiff recover from such a blow!**

8). Security upon entering the block from the outside,discovered this individual inmate trying to help plaintiff and mistakenly thought plaintiff and this inmate were in a physical altercation. So upon their investigation decided this was the individual inmate that assualted plaintiff,by hitting plaintiff in the head with a 20lb. weight dumbell bar,even after plaintiff tried explaining he could not make out who it was that assualted him, because it happen so fast. Plaintiff never got a chance to actually make out an identifacation of who it was. This individual inmate was taken to segregation for further investigation,and plaintiff was taken to the infirmary and then transferred to **U.A.B. TRUAMA CENTER,and under went a CAT SCAM EXAMINATION in Birmingham,Alabama,for head truama**,and further medical treatment untile released three days later January 11,2018.

9). Plaintiff submitted a complaint to Defendant Estes,Warden III,and vebally spoke with Cedric Specks,Warden II,and Capt. Carla Graham,who refused to investigate the matter and imediately place plaintiff in segregation or place plaintiff on transferr.

-6-

10). Defendants Estes,Warden III,Specks,Warden II,Graham,Capt. fail to protect plaintiff from inmates-on-inmates violence at the hands of other inmates. Upon plaintiff complaints verbally and written,defendants fail to act and place plaintiff in segregation or transferr plaintiff back to Holman. Inregards of being aware of widespread abuse amongst inmates-on-inmates violence at St. Clair Correctional Facility.

**WHEREFORE**,plaintiff respectfully requests that the court assume jurisdiction of this action and award the plaintiff the following relief:

**(1).** Grant plaintiff and order requiring the defendants to make him whole by granting appropriate relief,declaratory relief,awarding compensatory damages against each defendants in the amount of $400.000.00 (Four Hundred Thousand Dollars);Award punitive damages against each defendants in the amount os $200.000.00 (Two Hundred Thousand Dollars);Plus interest,attorney fees,expenses and costs.

**(2).** Plaintiff further prays the court for an injunction enjoining the defendants from again engaging in the conduct complained of,ordering them to pay plaintiffs' attorney fees,costs,and all expenses associated with this lawsuit.

**(3).** Such other,further or different relief as this court may deem just & proper.

## DEPRIVATION OF PLAINTIFF CIVIL RIGHTS, INMATES-ON-INMATES ASSUMIT DUE TO HOSTIIL LIWING CONDITION

**(11).** The plaintiff hereby restates,realleges and incorporates by inference herein the allegations set forth in paragraphs 1 through 10 above.

**(12).** The plaintiff bring this action pursuant to 42 USC 1983.

**(13).** Based on the factual allegations set out above,the defendants,acting in their official capacity,while acting under the color of State law,unlawfully deprived the plaintiff of his rights guaranteed to him under the constitution of the United States under the Eighth and Fourteenth Amendment.

**(14).** The defendants have also voilated plaintiff rights by denying plaintiff protection,which amounts to deliberate indifference and constitutes cruel and unusual punishment.

-*- 12 -

(15). By failing to take remedial action on behalf of plaintiff the defendants have shown a deliberate indifference and constitutes cruel and unusual punishment due to unsafe condition where security is not carried out.

(16). Defendants have committed, allowed or permitted said violations on numerous occassions..

(17). As a result of the defendants' action, the plaintiff has suffered physical and mental injuries and his federally protected rights have been violated.

(18). Because the defendants' conduct was gross, willful and oppressive the plaintiff has and does claim punitive damages.

(19). The plaintiff claims attorney's fees and expenses pursuant to 42 USC 1988.

Pro/se