FILED

2020 May-21  PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| MITCHELL MARBURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:18-cv-00925-CLS-JHE |
| | ) | |
| WARDEN DEWAYNE ESTES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 9). The plaintiff names the following defendants in the amended complaint: Warden DeWayne Estes, Warden Cedric Specks, and Captain Carla Graham. (*Id.* at 2-3). The plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. (*Id.* at 5). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the amended complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

### I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.  A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Procedural History

On August 6, 2018, the undersigned notified the plaintiff of deficiencies in his complaint

and directed him to correct those deficiencies by filing an amended complaint in accordance with

the following instructions:

> The plaintiff has failed to set forth his claims adequately.  The plaintiff must amend his complaint by completing a new § 1983 complaint form.  The new complaint must be labeled "**Amended Complaint**" and "**Case No. 4:18-cv-00925-CLS-JHE**" must be written on the first page.
>
> Although the plaintiff has provided some allegations to support his claims, he has not stated clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred.  The plaintiff must clearly set forth the <u>facts</u> that support his claims against the defendants.  The plaintiff is **ADVISED** that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).
>
> The amended complaint must include all of the plaintiff's claims in this action; IT SHOULD NOT REFER BACK TO THE ORIGINAL COMPLAINT.  The plaintiff is **ADVISED** that the Court will consider <u>only</u> the claims set forth in the amended complaint.  After completing the new complaint form, the plaintiff should mail it to the Clerk of the Court.

(Doc. 7 at 1-2).

On August 7, 2018, the plaintiff filed an amended complaint (doc. 9), the operative

pleading for purposes of this report and recommendation.

### III. Factual Allegations

In August 2017, prison officials temporarily transferred the plaintiff from the Holman

Correctional Facility ("Holman") to L-2 Block of the St. Clair Correctional Facility ("St. Clair").

(*Id.* at 11).  On October 19, 2017, the plaintiff asked Warden Specks to place him in segregation

until his transfer back to Holman because he feared retaliation from unknown inmates because he

had been stabbed by an inmate in 2016.  (*Id.*).  Specks told the plaintiff "to go get a knife or pay

the Crips, I.G.D.," or "Blood game for some protection."  (*Id.*).  The plaintiff then made the same

request of Captain Graham, whose investigation revealed "the guy who stabbed" the plaintiff had

been transferred to another facility.  (*Id.*).  On November 22, 2017, the plaintiff directed a written

3

complaint to Warden Estes about the matter.  (*Id.*).  None of the defendants placed him in segregation.  (*Id.*).

The plaintiff also "made it known" that he had witnessed several stabbings, including an incident "where a supervisor confiscated and then returned an inmate's knife so that he could stab another inmate.  (*Id.*).  The plaintiff alleges "[a]t times" the L-2-Block cubicle stayed unmanned for hours, which made him feel unsafe because "of all the rap[]ing, stabbing, e[x]tortion, and murdering" that had occurred at St. Clair over the previous ten years.  (*Id.*).  He "made it known" that inmates had reassigned themselves to different cells without authorization and that such behavior sent "a message to the St. Clair administration" that the inmates controlled the prison.  (*Id.* at 12).

Around 7:25 a.m. on January 9, 2018, the plaintiff was looking out of his cell window with his cell door open when someone entered his cell.  (*Id.*).  As he turned to see who was entering his cell, someone hit him with a blunt object and knocked him unconscious.  (*Id.*).  The plaintiff could not identify the perpetrator because the assault happened so quickly.  (*Id.*).

An inmate awakened the plaintiff immediately before corrections officers entered the cell.  (*Id.*).  The security officers saw the inmate trying to help the plaintiff and mistakenly thought the two were fighting.  (*Id.*).  After investigating the officers decided the inmate had assaulted the plaintiff with a twenty-pound dumbbell and placed him in segregation.  (*Id.*).  They took the plaintiff to the infirmary and subsequently transferred him to UAB Trauma Center, where he underwent a C.A.T. scan and remained hospitalized for three days.  (*Id.*).  Upon his release, the plaintiff submitted a complaint to Warden Estes, and verbally spoke to Warden Specks and Captain Graham.  (*Id.*).  They refused to investigate and immediately placed him in segregation until his transfer back to Holman.  (*Id.*).

## IV. Analysis

### A.  Sovereign Immunity

To the extent the plaintiff requests monetary damages against the defendants in their official capacities his claims are due to be dismissed.  A "suit against the State [of Alabama] and its [agencies for monetary damages is] barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit." *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937)).  No such consent can "be given under Art. I, Sec. 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'"  *Id.*; *see also*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984).  Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is not different from a suit against the state itself." *Will v. Michigan Dep't Of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).

Since the ADOC is an agency of the State of Alabama and all defendants are ADOC employees, to the extent the plaintiff names Warden Estes, Warden Speck, and Captain Graham as defendants in their official capacities, Eleventh Amendment immunity prohibits his suit for monetary damages.

### B.  Conditions of Confinement

The plaintiff claims the defendants' actions violated his Eighth and Fourteenth Amendment constitutional rights.  (Doc. 9 at 3).  Because the plaintiff is a convicted prisoner, the Eighth Amendment controls this court's inquiry.  *Andujar v. Rodriquez*, 486 F.3d 1199, 1203 n.3

(11th Cir. 2007) (the Eighth Amendment protects convicted prisoners and the Fourteenth Amendment protects pretrial detainees).

To establish an Eighth Amendment violation, a plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), (2) the defendant[s'] 'deliberate indifference' to that condition, *Wilson v. Seiter*, 501 U.S. 294, 303 (1991), and (3) causation, *Williams v. Bennett*, 689 F.2d 1370, 1389-90 (11th Cir. 1982)." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (footnotes and parallel citations omitted). Whether a particular condition of confinement constituted cruel and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. *See Wilson*, 501 U.S. at 298.

With regard to the objective inquiry, it is well established that prison conditions amount to cruel and unusual punishment only when they result in "unquestioned and serious deprivation of basic human needs." *Rhodes*, 452 U.S. at 347. While it is the duty of prison officials to furnish prisoners with "reasonably adequate food, clothing, shelter, sanitation, and necessary medical attention," *Newman*, 559 F.2d at 286, *rev'd in part on other grounds*, 438 U.S. 781 (1978),[1] "the Constitution does not mandate comfortable prisons," *Rhodes*, 452 U.S. at 349. Accordingly, "'*extreme* deprivations are required to make out a conditions-of-confinement claim' under the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The plaintiff "'must at the very least show that a condition

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

6

of his confinement poses an unreasonable risk of serious damage to his future health' or safety."

*Id.* at 1289 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

> As to the subjective inquiry,
>
> The Supreme Court says that prison officials will be liable for violating the Eighth Amendment when they are deliberately indifferent to the substantial risk of serious harm to inmates. Put differently, officials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk. *See Farmer v. Brennan,* 511 U.S. 825 (1994).

*Marsh v. Butler County,* 268 F.3d 1014, 1026-27 (11th Cir. 2001) (en banc), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) parallel citation omitted)).

The Eleventh Circuit has "stress[ed] that a 'prison custodian is not the guarantor of a prisoner's safety.'" *Purcell ex rel. Estate of Morgan v. Toombs County,* 400 F.3d 1313, 1321 (11th Cir. 2005) (quoting *Popham v. City of Talladega,* 908 F.2d 1561, 1564 (11th Cir. 1990)). Instead, "[w]ithin [a prison's] volatile 'community,' prison administrators are . . . under an obligation to take *reasonable measures* to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984) (first alteration and emphasis supplied). Therefore, not "every injury suffered by one prisoner at the hands of another translates into [a] constitutional liability....'" *Purcell*, 400 F.3d at 1319 (quoting *Farmer,* 511 U.S. at 833 (citations omitted)).

For constitutional liability to attach, "a prisoner-plaintiff must first demonstrate 'an objectively substantial risk of serious harm to prisoners.'" *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting *Marsh*, 268 F.3d at 1028–29). This is accomplished by alleging facts to show an excessive risk of injury from a specific source, *Carter v. Galloway*, 352 F.3d 1346, 1349-1350 (11th Cir. 2003), or a prison where inmate-on-inmate "'violence and terror reign'" and the "'threat of'" violence is "'constant.'" *Purcell*, 400 F.3d at 1320 (quoting *Woodhaus v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973) (citation omitted)). The Eighth Amendment is violated only

where there is a strong likelihood, rather than a mere possibility, of a risk of injury. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "'[O]ccasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment.'" *Purcell*, 400 F.3d at 1320.

The second element – the defendant's deliberate indifference to that risk – has two components, one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant "actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (citing *Rodriguez v. Sec'y for Dep't of Corr.,* 508 F.3d 611, 617 (11th Cir. 2007) (alterations in original)). "In determining subjective knowledge, a court is to inquire whether the defendant was aware of a 'particularized threat or fear felt by [the plaintiff].'" *McBride v. Rivers*, 170 F. App'x 648, 654 (11th Cir. 2006) (quoting *Carter v. Galloway,* 352 F.3d 1346, 1350 (11th Cir. 2003)). "The defendant 'must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the [defendant] must also draw that inference.'" *Id.* (quoting *Carter*, 352 F.3d at 1349) (quotation and marks omitted). To satisfy the objective component, a plaintiff must produce evidence that the defendant "disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner." *Id.*

"Deliberate indifference describes a state of mind more blameworthy than negligence[;]" an ordinary lack of due care for a prisoner's interest or safety will not support an Eighth Amendment claim. *Farmer*, 511 U.S. at 835; *see also Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986). "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983." *Brown*, 894 F.2d at 1537; *see also Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016) (citing *e.g.*, *McElligott*, 182 F.3d at 1255); *Carter*, 352 F.3d at 1350. Thus, the plaintiff must allege specific facts tending to demonstrate a prison official "actually (subjectively)

8

knows that an inmate is facing a substantial risk of harm, yet disregards that known risk by failing to respond to it in an (objectively) reasonable manner." *Rodriguez*, 508 F.3d at 617.  To state a cause of action under § 1983, the allegations must rise to the level of "a conscious or callous indifference to a prisoner's rights." *Williams v. Bennett*, 689 F.2d at 1380 (citations omitted).

Finally, a plaintiff must establish "'an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation.'" *LaMarca*, 995 F.2d at 1535 (quoting *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982)). "Section 1983 thus focuses [the court's] inquiry on whether an official's acts or omissions were the cause – not merely the contributing factor – of the constitutionally infirm condition." *Id.*

### 1. Retaliation by Unknown Inmates

The plaintiff claims he reported fear of inmate retaliation for a 2016 stabbing incident, but the defendants failed to protect him.  (Doc. 9 at 11-13).  The plaintiff's conclusory and general allegations do not plausibly support an Eighth Amendment claim against the defendants.  To begin with, the plaintiff does not identify his 2016 attacker or describe the circumstances surrounding that incident, and he does not dispute Captain Graham's investigative determination that the attacker did not reside at St. Clair from August 2017 to January 2018.  The plaintiff also presents no facts indicating he reported to the defendants any specific information regarding: 1) the reason his fear of retaliation began some two months *after* his transfer to St. Clair, 2) the motivation for such retaliation, 3) the identities/affiliation of the unknown retaliating inmates, and 4) the potential time(s) and method(s) of retaliation.  Furthermore, the pleadings indicate no link between the 2016 stabbing incident and the January 9, 2018 dumbbell attack.

The plaintiff's vague and speculative fear of retaliation does not suggest a substantial risk of serious harm to him or the defendants' subjective awareness of that harm and refusal to take

reasonable measures to abate it.[2]  Also lacking is any causal connection between his fear and the injury he suffered on January 9, 2018.  Accordingly, this claim is due to be dismissed for failure to state a claim upon which relief can be granted.

### 2.  Excessive Risk of Inmate-on-Inmate Violence and Lack of Security

The plaintiff declares the defendants were aware of "widespread" inmate-on-inmate rapes, stabbings, extortions, and murders at St. Clair in the decade prior to August 2017.  He witnessed three stabbings at the facility in the six months prior to the January 9, 2018 attack, one of which occurred because an unidentified supervisor returned a knife to an inmate so that an inmate-on-inmate fight could continue.  Officials allowed inmates to unilaterally change cells without corrective action and at times the L-2 block cubicle stayed unmanned for lengthy periods of time. The plaintiff notified the defendants of the stabbings, security lapses, and perceived inmate control he witnessed in the prison, but the only response he received was from defendant Specks, who told him to get a knife or pay a prison gang for protection.  For 1915A screening purposes, such allegations are sufficient to plausibly suggest an Eighth Amendment claim against the defendants for deliberate indifference to his health and safety as a result of the excessive risk of inmate-on-inmate violence and lack of security, and they should be directed to respond.

### V. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** all claims in this action, except the Eighth Amendment claims against defendants Estes, Specks, and Graham for failure to

---

[2] The undersigned does not discount the plaintiff's allegation that defendant Specks responded to his reported fear of retaliation by telling him to get a knife or pay a prison gang to provide him protection.  Such a response is disturbingly unprofessional and would satisfy the deliberate indifference prong of the plaintiff's claim against Specks had he alleged sufficient facts to raise his speculative fear of retaliation to the level of an objectively substantial serious risk of harm.

protect him from an excessive risk of inmate-on-inmate violence and provide adequate security be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted.  The undersigned **FURTHER RECOMMENDS** the remaining claims be **REFERRED** to the undersigned for further proceedings.

### VI. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice.  11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.  The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 21st day of May, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE