IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MITCHELL MARBURY, )
    Plaintiff, )
) 4:18-CV-925-CLS-JHE
V. )
)
DEWAYNE ESTES, Warden III, et al., )
    Defendants. )

FILED
2021 JUL -7 A 10: 57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## PLAINTIFF SPECIAL REPORT

    Comes now, the plaintiff Mitchell Marbury, pro-se, and file this response to defendants special report and moves this court to deny defendants motion to dismiss summary judgment and would show the court as follows:

    Plaintiff filed a lawsuit on the 6-18-2018, alleging that his rights under the 8th, and 14th Amendment to the United States Constitution has been violated. The defendants have requested that judgment be entered in their favor. Plaintiff contend that the issue raised in his complaint are cognizable claims established in fact and law, that defendants knew were established law, tha they have a duty to comply with. Plaintiff, respectfully requests that this honorable court deny defendants motion due to fact that theres many genuine issue of material facts which are in dispute.

    There are genuine issues of material facts that preclude Summary Judgment for plaintiff failure to protect claims...Summary Judgment is to be granted only if the record before the court show "that there is genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P... A "material" fact is one that might effect the outcome of the suit under governing law.

Anderson v. Liberty Lobby,Inc.,477 U.S. 242,248 (1986). The affidavit of plaintiff and the defendants are quarely contraditory as to what the defendants intended,hope for,or desired the harm that transpired. In Farmer v. Brennan,----U.S.------,114 S.Ct. 1970,128 L.Ed.2d 811 (1994),the Supreme Court held,as it has previously assumed,that prison officials have a duty...to protect prisoners from violence at the hands of other prisoners." Id,at-----,114 S.Ct. at 1976 (internal citations omitted);See also McGill v. Dukworth,944 F.2d 344,347 (7th Cir.1991)(find duty to protect prisoners from each other is "logical correlative" of States obligation to replace means of selfprotection among its wards),cert. denied,503 U.S. 907,112 S.Ct. 1265,117 L.Ed.2d 493 (1992). While every injury suffered by one prisoner at the hands of another does not constitute a violation of the Eighth Amendment prohibition on cruel and unusual punishment," if deliberate indifference by prison officials effectively condones the attack by allowing it to happen,those officials can be held liable to the injured victim-------U.S.--------,114 S.Ct. at 1977. The Farmer court further declared that a prisoner claiming deliberate indifference need not prove that the prison offical intended,hope for,or desired the harm that transpired.

The standard for deliberate indifference "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at---,114 S.Ct. 1978;see also Price v. Sasser,65 F.3d 342,344 (4th Cir.1995). Further, "Eighth Amendment claimant need not show that a prison official acted or fail to act despite his knowledge of a substantial risk of serious harm."----U.S.----,114 S.Ct. at 1981. [T]he issue is whether the guards intended that plaintiff be injured by their failure to timely intervene." (emphasis in original),cert. denied---U.S.---,116 S.Ct. 167,133 L.Ed.2d 109 (1995);Houston v. Sheahan,62 F.3d 902,903 (1995)("Damages do not follow from knowledge of a problem;the [officials] must intend to harm the prisoners.")(Citing Farmer). Thus,in order to establish the liability of a prison official,a plaintiff must establish that the official knew of the risk (or high probability of the risk) and did nothing. Billman v. Indiana Dep't

of Corrections, 56 F.3d 785,788 (7th Cir.1995). In failure to protect cases," [a] prisoner normally proves actually of impending harm by showing that he complained to prison officials about a specifice threat to his safety." McGill v. Dukworth, 944 F.2d 344,349 (7th Cir.1991). This is clearly a genuine issue of fact! The factual dispute is also material. Under governing law, whether the failure to protect claim violates the Eighth Amendment depends on whether "prison officials have a duty...to protect prisoners from violence at the hands of other prisoners," or if deliberate indifference by prison officials effectively condoned the attack by allowing it to happen, those officials can be held liable to the injured victim. The facts alledged by the plaintiff are evidence that the defendants were acting "deliberate indifference to cause harm," they would support a jury verdict in the plaintiff favor. See Morales v. NewYork State Dep't of Correction 842 F.2d 27,30 (7th Cir.1988). Although the Supreme Court have never held that the Eighth Amendment requires the State to protec prisoners from each others, the duty to due so is logical corralative of the State obligation to replace the means of Self-Protection among its wards. DeShaney v. Winnebago County Dep't of Social Service, 489, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Archie v. Racine, 849 F.2d 1211 (7th Cir.1988)(in banc). A State with a constitutional duty to attend to prisoners' medical problem, even though the problems are not of the State's creation, Estelle v. Gamble, 429 U.S. 97,97 S.Ct. 285,50 L.Ed.2d 251 (1976), has no lesser obligation to attend to the need for physical safety.

  Its obvious prison officials ignored plaintiff pleases' inregards of the stabbing incident in the year of 2016, and once this fact was brought known to these officials yet fail to respond in a possisitive manner, but informed me to hire me some protection from the **Cripps, Bloods, G.D's, and I.G.D's.** Davidson v. Cannon, 474 U.S. 344,106 S.Ct. 668,88 L.Ed.2d 677 (1986). Although decided under the due process clause of the Fourteenth Amendment, assumes that the prison system may not ignore prisoners' risk of harm at the hands of other inmates. A prison normally proves actual knowledge of impending harm by showing that the complained to prison officials about a specifice threat to his safety.

E.g.,Santiago,894 F.2d at 223-24;Goka,862 F.2d at 647-48;Wash,839 F.2d 795-96,798. Here,the plaintiff has relied upon both the Eighth and Fourteenth Amendment to support Section 1983 claim against the various defendants for both direct and supervisory liability. The eighth amendment,which prohibit infliction of cruel and unusual punishment," to serious need of prisoners. See,e.g.,Estell v. Gamble,429 U.S. 97,102-05,97 S.Ct. 285,290-92,50 L.Ed.2d 251 (1976).

## QUALIFIED IMMUNITY

A defense of qualified immunity is not available in cases alleging failure to protect claim...There is a factual dispute concerning whether the application for failure to protect claim was justified or so grave that it violates contemporary standards of decency to expose anyone unwilling to it,and "since there is no justification for it. The defendant also avers,that during this deliberate indiffernce,failure to protect claim,the defendant DeWayne Estes,Warden III,Cedric Specks,Warden II,and Carla Graham,Capt. inregards on being place on notice involving the last incident in 2016,and petitioner being in fear of being housed in a dangerous condition. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obviously,flagrant,rampant and of continued duration,rather than isolated occurrences." Hartley v. Parnell,193 F.3d 1263,1269 (11th Cir.1999)(internal quotation mark omitted). In other words, "the standard by which a supervisor is held liable in [his] idividual capacity for the actions of a subordinate is extremely rigorous." Cotton,326 F.3d at 1360. In this case the widespread abuse was sufficient to place defendants on notice tyhat plaintiff life was in danger of unknown enemies fron the past incident in 2016,an failing to place plaintiff in segregation or transferr plaintiff.due to constantly stabbing an murdering,amongst gang members plaintiff felt his only hope was to be placed in segregation or transferred. Plaintiff request to Warden Estes,III,Warden,Specks,Warden,II,and Graham,Capt.

were diregarded and no action was put forth to any security for plaintiff while housed at St. Clair Correction Facility. Plaintiff argue that by failing to intervene or stop the assualt forth coming on the plaintiff,they were "deliberate indifferent," defendant prison officials kwow that the inmate faces a substantial risk of serious harm and diregard that risk by failing to take reasonable measures to abate it. While prison supervisory official are not required to be omniscient,they do have a duty to make reasonable inquires into the activities of their subordinates and the condition of inmates held in their custody. See Gross v. Henderson,79 A.D. 2d 1086,435 N.Y.S.2d 823,825 (4th Dep't)("prison officials are solely responsible for the preservation of order and security in the facilities they administer...")

  For the foregoing reasons,the defendants motion for Summary Judgment should be denied inregards to plaintiff failure to protect,deliberate indifference claims,and due process violation. Allegation of willful indifference sufficient to withstand motion to dismiss §1983 claim. Villante v. Dep't of Correction,7-86 F.2d 516,522 (2d Cir.1986). The law regarding the situation that plaintiff alleges are constitutional has been clearly established for some time. Officials of the defendants of corrections and in the State,particularly "ST. CLAIR CORRECTION FACILITY," have regularly and forcefully been reminded of the minimal constitutional standards governing prison confinement since the first judgment(s) entered in Nweman v. Alabama,349 F.Supp. 278 (M.D. Ala. 1972);Pugh v. Locke,406 F.Supp. 318 (1976). All defendants have had knowledge in these areas,and know the establish laws existed in their duties to enforce and comply with them lastly, the defendants claim of immunity is untrue! The Eleventh Amendment "does not" bar action against State officers in their official capacities if the plaintiff seek only declaratory judgment and or injunctive relief. See Chaloux v. Killen,886 F.2d 247 (1989 CA Idaho). Plaintiff sues each defendants in his or her official capacity for declaratory and injunctive relief and,in his/or her individual capacity for damages.

CERTIFICATE OF SERVICE

I, hereby certify that I have this _1_ day _July_, 2021. Served a copy of the foregoing on the defendants counsel by placing same in the United States Mail first class, postage, pr-paid and addressed as follows:

Clerk of Court _A. Ingleviekty_
_Northern District of Alabama_
_101 Holmes Avenue_
_Huntsville, AL 35801_

GENERAL COUNSEL
_Benjamin H. Albritton_
_501 Washington Ave._
_Montgomery, AL 36130_

₱s

MITCHELL MARBURY-
_AIS #138814-E28/1A_
_1000 St. Clair Rd_
_Springville, AL 35146_