FILED
2024 Oct-07  AM 10:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MITCHELL MARBURY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| ***vs*.** | )   **Case No. 4:18-cv-00925-CLS-JHE** |
| | ) |
| **WARDEN DEWAYNE ESTES, *et al*.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

Plaintiff, Mitchell Marbury, proceeding *pro se*, seeks monetary, injunctive, and declaratory relief under 42 U.S.C. § 1983 for alleged violations of his civil rights.  *See* doc. no. 9 (Amended Complaint).  Plaintiff alleges that defendants Warden DeWayne Estes, Warden Cedric Specks, and Captain Carla Graham, in their individual capacities, violated his Eighth Amendment rights by failing to protect him from an inmate assault which occurred on January 9, 2018, at the St. Clair Correctional Facility.

Following review of plaintiff's claims, the magistrate judge entered a report and recommendation on May 21, 2020, recommending dismissal of those claims based upon defendants' alleged deliberate indifference to a particularized risk to plaintiff.  (Doc. no. 18).  Even so, the magistrate judge recommended that plaintiff's claims based upon an excessive risk of inmate-on-inmate violence should be allowed to proceed.  Plaintiff was provided with the opportunity to

object to the magistrate judge's recommendation, but failed to do so.  This court adopted the magistrate's report and recommendation, dismissed plaintiff's claims based upon a particularized risk to plaintiff, and referred the action to the magistrate judge for further proceedings, on September 29, 2020.  (Doc. no. 19).

Thereafter, on September 30, 2020, the magistrate judge directed each defendant to file a "Special Report" addressing plaintiff's claims.  (Doc. no. 20). The magistrate judge construed the Special Reports filed by defendants (doc. nos. 35, 45, 58) as motions for summary judgment, and afforded plaintiff the opportunity to respond (doc. nos. 49, 59).  Plaintiff filed responses (doc. nos. 49, 52, 60), as well as a cross-motion for summary judgment against defendant Specks (doc. no. 61).  Plaintiff also moved for leave to conduct additional discovery. (Doc. nos. 50, 51).

The magistrate judge entered a report on January 27, 2022, recommending that plaintiff's motion for additional discovery and cross-motion for summary judgment be denied, and that defendants' motions for summary judgment be granted. (Doc. no. 64).  Plaintiff filed objections to the report and recommendation on February 11, 2022.  (Doc. no. 63).  The court overruled plaintiff's objections, and accepted and adopted the magistrate judge's report and recommendation on February 22, 2022, dismissing plaintiff's claims with prejudice.  (Doc. no. 64).

Plaintiff then filed a motion to alter or amend the judgment, which the court denied on March 9, 2022.  (Doc. nos. 65, 66).

Plaintiff appealed the court's order to the Eleventh Circuit Court of Appeals on March 24, 2022.  (Doc. no. 67).  The Eleventh Circuit vacated the order and remanded the case to the district court on December 28, 2022, with instructions to permit plaintiff to conduct appropriate limited discovery.  (Doc. no. 73-1).

Plaintiff filed a motion for leave to conduct additional discovery on May 25, 2023.  (Doc. no. 77).  The motion was granted to the extent that defendants were required to produce the following incident reports of St. Clair Correctional Facility for the time period spanning January 9, 2016, until January 9, 2018 — *i.e.*, the two years preceding plaintiff's assault: inmate-on-inmate assaults in dorms J/K, L/M, N/O, and P/Q that involved weapons and resulted in death; inmate-on-inmate assaults in those dorms that did not result in death, regardless of whether a weapon was used; inmate-on-inmate assaults, regardless of dorm, that involved a weapon and resulted in serious injury or death; and, employee complaints or grievances received by defendants that raised concerns about the threat of increased violence at the facility.  (Doc. no. 79).

Defendants supplemented the previously-filed Special Reports with their discovery responses on January 2, 2024.  (Doc. no. 84).  The magistrate judge construed the Special Reports, as supplemented, as motions for summary

judgment.  (Doc. no. 85).  Plaintiff filed a response on February 5, 2024.  (Doc. no. 86).

The magistrate judge entered a report on August 12, 2024, recommending that the court grant defendants' motions for summary judgment, and dismiss plaintiff's claims with prejudice.  (Doc. no. 87).  The magistrate judge concluded, after reviewing the record, including the documents produced by defendants, that plaintiff failed to show that "serious inmate-on-inmate violence was the norm or something close to it" at St. Clair Correctional Facility.  *See Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313, 1322 (11th Cir. 2005). Specifically, the magistrate judge found that the institutional documents showed that 112 inmate-on-inmate assaults occurred in 2016, and 84 in 2017, with some resulting in serious injury, requiring outside medical attention, and two deaths — an average of nine assaults per month in 2016, and seven per month in 2017.  The magistrate judge observed, however, that plaintiff failed to establish context for the number of assaults, as there was no evidence in the record of the total number of inmates housed at St. Clair Correctional Facility during the relevant time period. *See Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019).  Plaintiff also failed to show that an excessive number of inmate assaults took place in the area of St. Clair Correctional Facility in which he was temporarily housed — *i.e.*, the "L" block — during that time period.  The magistrate judge noted that despite

plaintiff's allegation that correctional officers were not consistently present in the cell block in which he was housed, an officer was present and immediately responded when plaintiff was attacked. The magistrate judge also observed that plaintiff failed to offer factual support for his allegations that inmates engaged in unauthorized cell changes. For these reasons, the magistrate judge recommended dismissal of plaintiff's remaining claims.

Plaintiff filed timely objections, which are now before the court. (Doc. no. 88). Plaintiff expresses disagreement with the magistrate judge's conclusions, but makes only general and conclusory assertions that, despite the documentary evidence, violence was rampant at St. Clair. While plaintiff may have perceived the environment at St. Clair to be excessively violent, "[c]onclusory allegations and speculation are insufficient to create a genuine issue of material fact." *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015).

Plaintiff also lodged an objection relating to his claim of defendants' deliberate indifference to a particularized risk of harm to him. However, plaintiff failed to object to the magistrate judge's May 21, 2020 recommendation that his claims based upon that theory be dismissed. The court, after reviewing the record, adopted the recommendation of the magistrate judge, and dismissed those claims. Plaintiff's present objection, therefore, comes too late.

To prove his remaining failure to protect claims, plaintiff was required to show that defendants were aware that conditions at St. Clair created an *excessive* and *substantial* risk of inmate-on-inmate violence, that they knowingly or recklessly disregarded that risk by failing to take reasonable measures to prevent it, and that there was a causal connection between their conduct and the Eighth Amendment violation.  *Purcell*, 400 F.3d at 1322; *Hale v. Tallapoosa County*, 50 F.3d 1579, 1583 (11th Cir. 1995).  As explained in the magistrate judge's report and above, plaintiff has not made, and the record does not support, such a showing. Accordingly, plaintiff's objections are **OVERRULED**.

After careful consideration of the record, the magistrate judge's report, and plaintiff's objections, the court **ADOPTS** the report and **ACCEPTS** the magistrate judge's recommendation.  Consistent with that recommendation, the court finds that defendants' motions for summary judgment are due to be **GRANTED**, and all claims in this action are due to be **DISMISSED WITH PREJUDICE**.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 7th day of October, 2024.

_____

Senior United States District Judge